FILED
SUPERIOR COURT
OF GUAM

2023 AUG 28 AM 10: 41

CLERK OF COURT

BY:



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0265-23** |
| vs. | **DECISION AND ORDER** |
| **PARIS CHRISTIAN REYES SHARPE,** | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on July 27, 2023, for hearing on Defendant **PARIS CHRISTIAN REYES SHARPE's** ("Defendant") Motion for a New Trial. Present were Defendant with counsel, Assistant Public Defender William C. Bischoff, and Assistant Attorney General Christine S. Tenorio on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Jury Selection and Trial commenced in this matter on June 12, 2023. On the same day, Third-Party Guam Legal Services Corporation – Disability Law Center ("GLSC") filed an Ex Parte Third Parties Motion to Quash the Office of the Attorney General and Public Defender Service Corporations Subpoenas to Guam Legal Services Corporation – Disability Law Center Employees Shayla Canare and Robert G.P. Cruz ("Motion to Quash"). GLSC moved to quash the subpoenas on the basis that they sought privileged information and there was no showing of

substantial need, undue hardship, and inability to obtain the information from other sources. (Mot. Quash, Jun. 12, 2023). Defendant opposed. *See* Opp'n, Jun. 13, 2023. Defendant set forth that what he "is most interested in knowing here is the date when alleged victim R.P. first went to GLSC to initiate a complaint concerning him, and on what exact date she first asserted that she had been sexually assaulted by him" as well as "how deliberate the GLSC *procedures* are for preparing declarations, such as the one R.P. signed there on April 5, 2023 . . . and which was filed in court the same morning." *Id.* at 1-2.

On June 13, 2023, at a hearing on the Motion, the victim, R.P. (DOB: 01/11/1971), declined to waive the content of any communications between her and any GLSC employee, but agreed to waive the privilege as to Ms. Canare as to when she came to GLSC.

At trial, the jury heard sworn testimony from Ms. Canare, Gregorio Cruz, Shirley Untalan from Healing Hearts, Guam Police Department Officers Daniel Cruz, Riccalynn Lizama, and Peter C. Cristostomo, AG Investigator Keane Pangelinan, and the victim, R.P. (DOB: 01/11/1971). On June 19, 2023, the jury found Defendant guilty of Third Degree Criminal Sexual Conduct (As a Second Degree Felony).

On June 26, 2023, Defendant filed a Motion for a New Trial. On July 11, 2023, the Government and GLSC each filed an Opposition. On July 17, 2023, Defendant filed his Reply.

On July 27, 2023, the Court heard arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Under Guam law, the "court on motion of a defendant may grant a new trial to him if required in the interests of justice." 8 G.C.A. § 110.30(a). "[A] trial court's discretion to grant a new trial is much broader than its power to grant a motion for judgment of acquittal." *People v. Leslie,* 2011 Guam 23 ¶ 15 (citation omitted).

> In granting a new trial, the trial court does not have to view the evidence favorably to the verdict and in general can weigh the evidence and evaluate for itself the credibility of the witnesses. But the statute allows a new trial to be granted only if required in the interests of justice and, per case law, when evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may

have occurred. *It is only in an exceptional case that the trial court should interfere with the jury's factual findings. This power to grant a new trial against the jury's verdict obviously should be exercised cautiously and sparingly.*

*People v. Sablan*, 2023 Guam 4 ¶ 31 (internal quotation marks, alterations, citations omitted) (emphasis added). "[W]here a motion for new trial is based on the weight of the evidence, in weighing that evidence, a trial court may not grant a new trial based solely on its disagreement with the jury's credibility determinations, unless credibility issues arise to the 'exceptional circumstances' detailed above—including testimony that is 'patently incredible or defies physical realities.'" *People v. Messier*, 2014 Guam 34 ¶ 21 (citation omitted).

In this case, Defendant moves the Court for a new trial because the Government's case was entirely dependent upon the victim's credibility and his Sixth Amendment rights were violated when he was not allowed to question GLSC employees regarding what date the victim told them she was sexually assaulted by Defendant. *See generally,* Mot., Jun. 26, 2023. At a minimum, Defendant moves the Court to "take *in camera* testimony of GLSC employee Shayna Canare and attorney Robert Cruz to determine exactly what, and when, victim R.P. told GLSC about the alleged sexual assault in this case." (Mot. at 2). The Government opposes, arguing that Defendant was able to extensively cross examine the victim "regarding what dates that she had told each different agency that she had been sexually assaulted." (Opp'n at 4).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "The Organic Act of Guam both specifically incorporates the Sixth Amendment's Confrontation Clause and provides an independent right for criminal defendants to be confronted with the witnesses against him." *People v. Kotto,* 2020 Guam 4 ¶ 15 (internal citations and quotation marks omitted).

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness.

*Davis v. Alaska*, 415 U.S. 308, 316 (1974).

"While the Sixth Amendment and the Organic Act provide a right to cross-examine witnesses, defendants are not guaranteed the right to cross-examine in whatever way, and to whatever extent, the defense might wish." *Id.* at ¶ 16 (citations omitted). "A defendant's confrontation rights are not absolute; they may, in appropriate cases, bow to accommodate other legitimate interests in the criminal process." *Id.* (quoting *People v. Ojeda*, 2011 Guam 27 ¶ 22) (quotation marks omitted). Trial judges have "the authority to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability – even if the defendant would prefer to see that evidence admitted." *Id.* (quoting *Ojeda*, 2011 Guam 27 ¶ 22).

In support of his Motion, Defendant cites to *Murdoch v. Castro*, 365 F.3d 699 (9th Cir. 2004) ("*Murdoch I*"). In *Murdoch I*, the Ninth Circuit "implicitly held that it was clearly established by the Supreme Court that [the Confrontation Clause of the Sixth Amendment] could, in some circumstances, be violated by the failure to produce a document that was otherwise protected by the attorney-client privilege." *Murdoch v. Castro*, 609 F.3d 983 (9th Cir. 2010) ("*Murdoch II*"). Subsequently, in *Murdoch II*, the Ninth Circuit found that "[b]ecause the attorney-client privilege protects only a communication between an attorney and a client, not the facts that are communicated, a defendant would remain free to question the witness about the underlying facts..." 609 F.3d at 995. "The privilege only protects disclosure of the communications themselves; it does not protect disclosure of the underlying facts, so long as the underlying facts can be proven without resort to the privileged materials." *Id.* (internal quotation marks and citation omitted).

In this case, Defendant was charged via indictment of Third Degree Criminal Sexual Conduct against the victim occurring "on or about the period between March 1, 2023 and March 31, 2023, *inclusive.*" (Indictment, Apr. 27, 2023). At trial, the jury heard testimony that the victim went to GLSC to get a protective order, PO0035-23 on April 3, 2023, after trying to make a complaint with the Guam Police Department at the Central Precinct. The victim testified that she was not able to get a restraining order the same day she first went to the GLSC office because

"they had to go through procedures" and that she had to go back to GLSC again. All the filings in PO0035-23 (Ex. 8) were admitted into evidence and were available for the jury to review in its deliberation. This included a Declaration signed by the victim under penalty of perjury, which set forth that she was sexually assaulted by Defendant on or about March 20, 2023. The Declaration was dated April 5, 2023. Filings in related Protective Order Case No. PO0037-23 (Ex. 9) were also admitted into evidence and available for the jury to review in its deliberation. In PO0037-23, Defendant petitioned the court for a protective order, alleging that the victim physically abused him on April 2, 2023, and that when she came to his room and demanded he had sex with her, he told her that he did not want to have sex with her and that she does not turn him on any longer.

Defendant's interests in questioning Ms. Canare and Attorney Cruz were regarding what date the victim told them she was sexually assaulted by Defendant. Defendant was able to extensively cross-examine the victim about the dates and events set forth in the protective order at trial. Defendant specifically asked the victim whether or not she told the police or GLSC on April 3, 2023 that she was raped the day prior. The jury was also able to hear testimony about other dates that the victim indicated the sexual assault occurred on to GPD and Healing Hearts. Officer Lizama acknowledged on cross-examination that when she interviewed the victim, she first said the incident occurred on March 26 and later on maybe March 31. Ms. Untalan from Healing Hearts testified that a Healing Hearts referral was made on April 6, 2023, that the victim completed intake on April 11, 2023, and that the victim told her that the sexual assault occurred on the night of April 2 at one a.m. The victim further testified on cross-examination that she did not remember the date or the time, just that it was in the evening because she was getting ready for bed. The Court finds that attorney-client privilege did not need to be breached for Defendant to effectively cross-examine the victim on the underlying facts forming the basis of the instant matter, and Defendant's confrontation clause rights under the Sixth Amendment were not violated. The Court does not find that the victim's testimony was "patently incredible or defies physical realities" thereby creating credibility issues arising to exceptional circumstances. *See Messier,* 2014 Guam 34 ¶ 21. Therefore, the Court denies Defendant's Motion for a New Trial.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for a New Trial. Parties shall return for Sentencing on **September 29, 2023** at **10:00 a.m.** Sentencing Memoranda shall be filed by September 27, 2023.

**IT IS SO ORDERED** this 28TH day of August, 2023.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam